IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE L. DOSS,<br><br>     Plaintiff,<br><br>  v.<br><br>RICHMOND POLICE DEPARTMENT, et al.,<br><br>     Defendants.<br>_____ | No. C 07-2708 MJJ (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE THAT SUCH MOTION IS NOT WARRANTED; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>(Docket No. 2) |

Plaintiff, an inmate in the Contra Costa County Jail, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was falsely imprisoned on two occasions. Plaintiff has also applied for leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the

N:\MJJ\HC Orders\doss.srv.wpd

1  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

2  **B.    Legal Claims**

3      Plaintiff alleges he was arrested by Richmond Police Officers on October 20, 2006,
4  for violating parole, that these charges were dismissed by the Board of Parole Hearings on
5  December 5, 2006, and that he was released from jail on December 12, 2006.  Plaintiff
6  further alleges that he was arrested again on February 5, 2007, on a "weapons charge," and
7  that he was released when these charges were dismissed on March 9, 2007.  Plaintiff claims
8  his arrest and imprisonment on both of these occasions were false.  He sues the parole
9  officials and the officials with the Richmond Police Department who were involved in his
10 arrest and imprisonment.  Liberally construed, plaintiff's allegations state a cognizable claim
11 for false arrest and imprisonment.  See Atwater v. City of Lago Vista, 532 U.S. 318, 354
12 (2001); Michigan v. Summers, 452 U.S. 692, 700 (1981) (an arrest is unlawful unless there is
13 probable cause to support it); Baker v. McCollan, 443 U.S. 137, 142-145 (1979) (. A claim
14 for wrongful detention (false imprisonment) absent a cognizable claim for wrongful arrest
15 will not ordinarily state an independent claim under § 1983.  See question is whether
16 detention unconstitutional and person arrested pursuant to warrant issued on showing of
17 probable cause not constitutionally entitled to separate judicial determination of probable
18 cause to detain pending trial; absent lack of validity of warrant, claim is for violation of state
19 tort law, at best).

20                                        **CONCLUSION**

21     In order to expedite the resolution of this case, the Court orders as follows:
22     1.     The Clerk of Court shall issue summons and the United States Marshall shall
23 serve a copy of the complaint in this matter, all attachments thereto, and a copy of this
24 order upon the **Chief of the Richmond Police Department, as well as Officer A. Dobie**
25 **and Officer Griffin** at **the City of Richmond Police Department;** and upon **Parole**
26 **Agent Kenneth Stansbury and Parole Agent Muriel Martin** at the **California**
27 **Department of Corrections (Parole Division)** at 2555 El Portal Drive, San Pablo,
28 California 94806.  The Clerk shall also mail a courtesy copy of this order and the

1  complaint to the City of Richmond City Attorney's Office and the California Attorney
2  General.
3       2.    No later than **ninety (90) days** from the date of this order, defendants shall
4  file a motion for summary judgment or other dispositive motion with respect to the claims
5  in the complaint found to be cognizable above.
6         a.   If defendants elect to file a motion to dismiss on the grounds plaintiff
7  failed to exhaust his available administrative remedies as required by 42 U.S.C. §
8  1997e(a), defendants <u>shall</u> do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt</u>
9  <u>v. Terhune</u>, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).
10        b.   Any motion for summary judgment shall be supported by adequate
11 factual documentation and shall conform in all respects to Federal Rule of Civil Procedure
12 56. <u>**Defendants are advised that summary judgment cannot be granted, nor qualified**</u>
13 <u>**immunity found, if material facts are in dispute. If any defendant is of the opinion**</u>
14 <u>**that this case cannot be resolved by summary judgment, he shall so inform the Court**</u>
15 <u>**prior to the date the summary judgment motion is due**</u>.
16      3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court
17 and served on defendants no later than **thirty (30) days** from the date defendants' motion is
18 filed.
19        a.   In the event the defendants file an unenumerated motion to dismiss
20 under Rule 12(b), plaintiff is hereby cautioned pursuant to <u>Wyatt v. Terhune</u>, 315 F.3d
21 1108, 1119-20 & n.4 (9th Cir. 2003):
22
   If defendants file an unenumerated motion to dismiss for failure to
23 exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.
24   You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or
25 authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn
26 papers, such as answers to interrogatories or depositions.
   If defendants file a motion to dismiss and it is granted, your case will be
27 dismissed and there will be no trial.
28        b.   In the event defendants file a motion for summary judgment, the Ninth

N:\MJJ\HC Orders\doss.srv.wpd                      3

United States District Court
For the Northern District of California

1  Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

    4.   Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

    5.   The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

    6.   All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

    7.   Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or

1  Local Rule 16-1 is required before the parties may conduct discovery.

2      8.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
3  Court informed of any change of address and must comply with the court's orders in a
4  timely fashion.  Failure to do so may result in the dismissal of this action for failure to
5  prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6      9.    Extensions of time are not favored, though reasonable extensions will be
7  granted.  Any motion for an extension of time must be accompanied by a showing of good
8  cause for the extension requested, and must be filed no later than the deadline sought to be
9  extended.

10      10.    Plaintiff's request to proceed in forma pauperis (Docket No. 2) is
11  GRANTED.  The total filing fee that will ultimately be due is $350.00.  In view of plaintiff's
12  income and account balance over the last six months, no initial partial filing fee is due.
13  Funds for the filing fee will be taken from income to plaintiff's account in accordance with
14  28 U.S.C. § 1915(B)(1).  A copy of this order and the attached instructions will be sent to
15  plaintiff, the prison trust account office, and the Court's financial office.

16      This order terminates docket number 2.

17      IT IS SO ORDERED.

18  DATED: 8/1/2007

19                          _____
20                          MARTIN J. JENKINS
                        United States District Judge

United States District Court
For the Northern District of California

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

> The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

> Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:     Plaintiff
        Finance Office

N:\MJJ\HC Orders\doss.srv.wpd                    6