JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
CITY OF RICHMOND (erroneously sued herein as the
RICHMOND POLICE DEPARTMENT), OFFICER A. DOBIE,
OFFICER GRIFFIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE L. DOSS, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>RICHMOND POLICE DEPARTMENT; et. al.<br><br>Defendants. | Case No. C07-2708 MJJ (PR)<br><br>**ANSWER TO COMPLAINT** |

This answer is being submitted by Defendants City of Richmond (erroneously sued herein as the RICHMOND POLICE DEPARTMENT), and its employees Officer A. Dobie and Officer Griffin ("Defendants") in response to Plaintiff JIMMIE L. DOSS' ("Plaintiff") Complaint ("Complaint") filed on May 22, 2007.

## GENERAL ALLEGATIONS

1.     Much of Plaintiff's Complaint is unintelligible and confusing. To the extent that Defendants can attempt to understand the allegations in the Plaintiff's Complaint, these answering Defendants deny each and every allegation in Plaintiff's Complaint and respond to Plaintiff's allegations as follows.

2.     On October 20, 2006, at approximately 1:55 p.m., Officer Dobie and Officer Griffin of the Richmond Police Department ("RPD") were working as a two-man car in the Iron

ANSWER TO COMPLAINT

Triangle District of Richmond. They were specifically assigned to work this area due to the constant problems with heavy drug-related crimes such as shootings and drug dealing in this area. Officers Dobie and Griffin approached the area of Harbor Way and Pennsylvania Avenue when they noticed a small group of people loitering. One of the males in the group, later identified as Plaintiff Jimmie Doss ("Plaintiff"), walked away as Officers Dobie and Griffin passed the group. As the officers circulated around the block and came back, they noticed that Plaintiff had returned to the original spot at which he had been first seen.

3. As the officers approached Plaintiff, he began to walk away from them in a southbound direction on Harbor Way. Plaintiff approached 683 Harbor Way and entered onto the property by opening the front gate and confronting an elderly female inside the gate. Plaintiff walked passed the female and into the residence. Officers Dobie and Griffin contacted the female, who was later identified as Ruby Judge (hereinafter "Judge"). Judge said she did not know the Plaintiff and that Plaintiff did not live with her. She said that Plaintiff had asked her if he could use the restroom and she allowed him to do so. After Judge yelled inside the house for the Plaintiff to come out of the house because the police were looking for him, Plaintiff came out of the house and claimed he was visiting Judge, his aunt. However, this statement had already been contradicted by Judge.

4. Plaintiff was then checked for outstanding warrants. RPD dispatch informed Officers Dobie and Griffin that Plaintiff had an outstanding no-bail warrant issued by the California Department of Corrections (Warrant #2060936169, Violation: Parolee at Large). The Plaintiff was then arrested without incident and transported to the RPD.

5. A short time later, Officer Dobie was contacted by Officer Lewis who had been contacted by Ruby Edwards ("Edwards") who lived with Judge. She had handed Officer Lewis a plastic bag which contained an unknown model .38 caliber revolver, which was loaded with five (5) live bullets. According to Edwards, Plaintiff had stashed this gun inside Judge's house when he had walked into the house to allegedly use the restroom. The Plaintiff was then booked in the RPD jail for a violation of Penal Code § 12021(a)(1) and the outstanding warrant.

6. On February 5, 2007, Plaintiff was again arrested for an outstanding warrant from

ANSWER TO COMPLAINT                                2

the October 20, 2006 arrest.

7.  Both of Plaintiff's arrests were based upon probable cause and/or were justified and lawful.

8.  These answering Defendants deny the remaining allegations in Plaintiff's Complaint.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
## FALSE ARREST

9.  These answering Defendants incorporate their responses to Plaintiff's general allegations herein and deny such alleged claims.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
## FALSE IMPRISONMENT

10. These answering Defendants incorporate their responses to Plaintiff's general allegations herein and deny such alleged claims.

## PUNITIVE DAMAGES

11. These answering Defendants incorporate their responses to Plaintiff's general allegations herein and deny such alleged claims.

12. Punitive damages are not recoverable against a governmental entity.

## AFFIRMATIVE DEFENSES

1.  AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a claim against these answering Defendants.

2.  AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiff's Complaint herein.

3.  AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiff failed to mitigate the amount of his damages. The damages claimed by Plaintiff could have been mitigated by the due diligence of Plaintiff or by one acting under similar

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

circumstances. The Plaintiff's failure to mitigate is a bar to Plaintiff's recovery under the Complaint.

4. AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's own negligence in and about the matters alleged in Plaintiff's Complaint herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff bars recovery to Plaintiff or, in the alternative, that said Plaintiff's negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff requires that any damages awarded to Plaintiff shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to Plaintiff.

5. AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the sole proximate cause of the injuries and damages, if any, allegedly suffered by Plaintiff was the negligence and fault of others than these answering Defendants or on the part of any person or entity for whose acts or omissions these answering Defendants are legally or otherwise responsible.

6. AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

7. AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in his actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself.

8. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants alleges that Plaintiff's unclean hands preclude any recovery by Plaintiff.

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiff by virtue of his own conduct and omissions enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff as a result of the acts or omissions complained of herein.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiff, if committed by Defendants, were consented to by Plaintiff.

11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that these answering Defendants shall only be responsible for damages in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code §1431.2).

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6 and are not liable for exemplary or punitive damages per California Government Code Section 818 et seq.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time the alleged events, the Defendants were presented with and had in their possession sufficient facts to constitute probable cause to arrest Plaintiff.

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by them were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the Officers are therefore immune under the "good faith immunity" doctrine.

16. AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by them

were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the Officers are therefore immune under the "qualified immunity" doctrine.

17. AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege Plaintiff has failed to exhaust his administrative remedies versus Defendants per California Government Code Section 910 et seq.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following relief:

1. That plaintiff take nothing by way of his Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: September 19, 2007

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
CITY OF RICHMOND POLICE DEPARTMENT, OFFICER A. DOBIE, OFFICER GRIFFIN

ANSWER TO COMPLAINT                                6

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On this date I served the foregoing **ANSWER TO COMPLAINT** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Walnut Creek, California, addressed as follows:

Plaintiff in Pro Per:

Mr. Jimmie L. Doss, Jr.
Prisoner #2007004034
901 Court Street
Martinez, CA 94553

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 19, 2007 at Walnut Creek, California.

_____
SABRINA AHIA

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330