1  JAMES V. FITZGERALD, III (State Bar No. 55632)
   NOAH G. BLECHMAN (State Bar No. 197167)
2  McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
   PFALZER, BORGES & BROTHERS LLP
3  1211 Newell Avenue
   Post Office Box 5288
4  Walnut Creek, CA 94596
   Telephone: (925) 939-5330
5  Facsimile: (925) 939-0203

6  Attorneys for Defendant
   CITY OF RICHMOND(erroneously sued herein as the
7  RICHMOND POLICE DEPARTMENT), OFFICER A. DOBIE,
   and OFFICER GRIFFIN

8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11

12  JIMMIE L. DOSS, JR.,                    Case No. C07-2708 MJJ (PR)

13          Plaintiff,                      **DECLARATION OF NOAH G.
                                            BLECHMAN IN SUPPORT OF REQUEST
14      vs.                                 FOR ORDER EXTENDING TIME TO
                                            FILE DISPOSITIVE MOTION**
15  RICHMOND POLICE DEPARTMENT;
    DEPARTMENT OF CORRECTIONS;              Judge: Hon. Martin J. Jenkins
16  KENNETH STANSBURY; OFFICER A.           Location: Courtroom 11, 19th Floor,
    DOBIE; OFFICER GRIFFIN; MURIEL                     450 Golden Gate Ave.,
17  MARTIN,                                            San Francisco

18          Defendants.                     Trial Date: None

19

20      I, Noah G. Blechman, declare:

21      1.    I have personal knowledge of each matter stated herein for the following reasons: I

22  am an attorney at law duly licensed to practice before the courts of the State of California and am

23  a partner at the law firm of McNamara, Dodge, Ney, Beatty, Slattery, Pfalzer, Borges & Brothers,

24  LLP; attorneys of record for Defendants City of Richmond, Officer Dobie and Officer Griffin

25  ("Defendants").

26      2.    This case involves a claim by Plaintiff Jimmie L. Doss (hereinafter "Plaintiff")

27  under 42 U.S.C. § 1983 for false imprisonment and arrest against the Richmond Police

28  Department ("RPD"), individually named RPD Officers and Parole Agents of the California

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   Department of Corrections (hereinafter "Defendants".)  Plaintiff is an inmate in the Contra Costa

2   County Jail and filed his civil rights complaint pro se.

3          3.     Plaintiff alleges he was arrested by Richmond Police Officers on October 20,

4   2006, for violating parole, that these charges were dismissed by the Board of Parole hearings on

5   December 5, 2006, and that he was released from jail on December 12, 2006.  Plaintiff further

6   alleges that he was arrested again on February 5, 2007, on a "weapons charge," and that he was

7   released when these charges were dismissed on March 9, 2007.  Plaintiff claims his arrest and

8   imprisonment on both of these occasions were false.  He sues the parole officials and the officials

9   with the Richmond Police Department who were involved in his arrest and imprisonment.

10         4.     A true and correct copy of Plaintiff's Complaint, filed May 22, 2007, is attached

11  hereto as Exhibit A.

12         5.     Per Court Order, filed August 8, 2007, Your Honor found that, liberally construed,

13  Plaintiff's allegations state a cognizable claim for false arrest and imprisonment.  Your Honor

14  further ordered the Complaint served on Defendants and for Defendants to file a dispositive

15  motion by no later than 90 days from the date of the order.  Accordingly, Defendants' motion is

16  currently due filed by November 6, 2008.

17         6.     A true and correct copy of Your Honor's Order, filed August 8, 2007, is attached

18  hereto as Exhibit B.

19         7.     Defendants moving herein were served in or around August 30, 2007.  On or about

20  September 19, 2007, Defendants moving herein filed an answer to Plaintiff's Complaint.

21         8.     To gather further information in preparation for Defendants dispositive motion,

22  Defendants noticed Plaintiff's deposition for October 30, 2007, at the Martinez Detention

23  Facility, 901 Court Street, Martinez, California, where Plaintiff is currently located.  This

24  deposition notice was mailed to Plaintiff on September 19, 2007, in the same mailing as

25  Defendants answer to the Complaint.

26         9.     A true and correct copy of Defendants' Notice of Deposition, dated September 19,

27  2007, is attached hereto as Exhibit C.

28         10.    The current deadline of November 6, 2007, to file a dispositive motion would

DECLARATION OF NOAH G. BLECHMAN IN SUPPORT          2
OF REQUEST FOR ORDER EXTENDING TIME TO FILE
DISPOSITIVE MOTION – CO7-2708 MJJ (PR)

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P. O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

1   leave Defendants only seven days after Plaintiff's deposition to prepare their motion for summary

2   judgment.  This is not sufficient time per the current status of this matter.  Defendants need

3   additional time to make sure Plaintiff's deposition goes forward, to obtain a transcript of the

4   deposition, to evaluate the factual issues, to evaluate and analyze the legal issues and Defendants'

5   defense position.  Plus, additional discovery and/or depositions may be necessary prior to

6   Defendants filing the dispositive motion.  Defendants believe that an additional 45 days is a

7   sufficient and necessary amount of additional time to adequately prepare their motion for

8   summary judgment.

9       11.     An extension of time for 45 days for the filing of Defendants' motion for summary

10  judgment will not prejudice the Plaintiff and/or delay further proceedings of this case.  To date,

11  no case management conferences, settlement conferences, or trial dates have been set.  Also, the

12  other Defendants referenced in the Court's August 8, 2007, whom we assume were served like

13  these moving Defendants, have yet to appear in this action.

14      12.     As such, Defendants respectfully request a 45 day extension of time for filing their

15  motion for summary judgment, putting the new deadline for filing dispositive motions on

16  **December 21, 2007**.

17      13.     Filed herewith is a proposed order regarding this request for an extension.

18

19      I declare under penalty of perjury that the foregoing is true and correct.

20

21  Dated this  23      day of October, 2007, at Walnut Creek, California.

22

23  By: _____

24      Noah G. Blechman

25

26

27

28

DECLARATION OF NOAH G. BLECHMAN IN SUPPORT        3
OF REQUEST FOR ORDER EXTENDING TIME TO FILE
DISPOSITIVE MOTION – CO7-2708 MJJ (PR)

# EXHIBIT A

ORIGINAL

1  **COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983**

2

**FILED**

3  Name  _Doss    Jimmie_        _MAY 2 2 2007_

4      (Last)        (First)    RICHARD W. WIEKING
                                CLERK, U.S. DISTRICT COURT
5  Prisoner Number  _# 2007004034_  NORTHERN DISTRICT OF CALIFORNIA  **(PR)**

6  Institutional Address  _901 Court Street_

7      _Martinez. CA. 94553_    E-filing  **MJJ**

8  _____

9          **UNITED STATES DISTRICT COURT**
           **NORTHERN DISTRICT OF CALIFORNIA**

10 _Jimmie L. Doss    Jr._        **C 07  2708**

11 (Enter the full name of plaintiff in this action )  )

12 _1): Richmond Police Dept. Chief_  )  Case No. _____
                                      )  (To be provided by the clerk of court)
13 _2) Dept of Corrections Chief_      )
                                      )  **COMPLAINT UNDER THE**
14 _3): Kenneth Stansbury (Agent)_     )  **CIVIL RIGHTS ACT,**
                                      )  42 U.S.C §§ 1983
15 _4): Officer: A. Dobie - R.P.D_     )  _Jury Trial_
                                      )
16 _5): Officer: Grijalva (R.P.D)_     )  _Demanded_
17 (Enter the full name of the defendant(s) in this action))  )
   _6): Muriel Martin (Agent)_        )

18 *[All questions on this complaint form must be answered in order for your action to proceed..]*

19 I.    Exhaustion of Administrative Remedies

20    [**Note:** You must exhaust your administrative remedies before your claim can go

21    forward.  The court will dismiss any unexhausted claims.]

22    A.   Place of present confinement  _M.D.F/ 901 Court St / Martinez._
                                         _CA. 94553._

23    B.   Is there a grievance procedure in this institution?

24         YES (X)    NO ( )   N/A.

25    C.   Did you present the facts in your complaint for review through the grievance

26         procedure?

27         YES( )     NO (X)

28    D.   If your answer is YES, list the appeal number and the date and result of the

COMPLAINT              - 1 -

1  appeal at each level of review. If you did not pursue a certain level of appeal,

2  explain why.

3  1. Informal appeal _____

4  _____

5  _____ 2. First

6  formal level _____

7  _____

8  _____

9  3. Second formal level _____

10  _____

11  _____ 4 Third

12  formal level _____

13  _____

14  _____

15  E.    Is the last level to which you appealed the highest level of appeal available to

16        you?

17              YES ( )    NO ( )  *N/A*

18  F.    If you did not present your claim for review through the grievance procedure,

19  explain why. *DISMISSAL OF CHARGES (RELEASED*

20  *Not INSTITUTIONAL Complaint*

21  *FALSE IMPRISONMENT CLAIM*

22  II.    Parties

23  A.    Write your name and your present address. Do the same for additional plaintiffs,

24        if any.

25  *Jimmie L. Doss, Jr. #2007004034*

26  *901 Court Street*

27  *MARTINEZ, CA. 94553*

28  B.    Write the full name of each defendant, his or her official position, and his or her

COMPLAINT              - 2 -

*2 of 14*

RICHMOND POLICE DPT.
401 - 27TH. STREET
RICHMOND. CA. 94811

PAROLE OFFICE (RICHMOND OFFICE)
2555 EL PORTAL DR.
SAN PABLO. CA. 94806

1):    place of employment.    (DIRECTOR OF CORRECTIONS)

2): RICHMOND POLICE DEPARTMENT (CHIEF) (R.P.D)

3): OFFICERS: A. DOBIE (R.P.D) 4): OFFICER: GRIFFIN (R.P.D)

5): MURIEL MARTIN (SUPERVISOR PAROLE) OF RICHMOND CA.

6): KENNETH STANSBURY (AGENT) PAROLE    III.

Statement of Claim

State here as briefly as possible the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

*CLAIM #1).*

PETITIONER WAS "FALSE IMPRISONED BY ACTIONS OF DEFENDANTS WHEREBY DEFENDANTS FALSIFIED STATE DOCUMENTS TO HAVE ONE (PETITIONER) DOSS ARRESTED ON OCTOBER 20, 2006 FOR ABSCONDING FROM PAROLE ON SEPTEMBER 18, 2006 THAT WAS SHOWN TO BE FALSE" DUE TO PAROLE LOGS THAT SHOWED I PETITIONER DOSS HAD CHECKED IN ON THAT SAME DAY SEPT 18, 2006 AT 10:45 A.M. AS SHOWN IN LOGS AT PAROLE OFFICE.

PETITIONER FURTHER ALLEGES "PAROLE AGENTS KENNETH STANSBURY WAS ON BACK TO BACK VACATIONS AND DID "NOT" DO HIS JOB AND REVIEW PAROLE LOGS INSTEAD RUSHED OUT OUT A WARRANT

IV.    Relief

Your complaint cannot go forward unless you request specific relief. State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

PETITIONER WISH TO BE REWARDED (DAMAGES AND MENTAL ANGUISH DAMAGES) IN AMOUNT OF (PLEASE CONTINUE ON ATTACH SHEET)

COMPLAINT    - 3 -

3 of 14.

CONTINUE CLAIM #1 ) (statement of claims.

THAT RESULTED IN MY ARREST ON OCT 20, 2006
WHEREBY THE CASE WAS DISMISSED AND PROVEN
TO HAD BEEN A RESULT OF AGENT R. STANSBURY
AND/OR (AGENT) SUPERVISOR(S) MS. MURIEL MARTIN
"NEGLAGENCE" AND "RUSH TO FALSIFIE DOCUMENTS" FOR ARREST;
SINCE MS. MARTIN IS THE HEAD SUPERVISOR TO SIGN AND OKAY
THIS AGENTS ACTIONS. — SIMPLY PUT NO ONE UTILIZED PROTOCOL
OR PROCEEDURE'S OF CHECKING LOG'S PAROLEE'S SIGN SHOWING IF
PRISONER(S) CHECKED IN; PETITIONER WAS HELD IN PRISON)
FOR (54) DAY'S FROM: OCT 20TH,2006 TO: DEC 12, 2006
EVEN THOUGH PAROLE BOARD DISMISS ALL CHARGES ON DEC. 5, 06
AND ORDERED MY RELEASE I WAS HELD ANOTHER 8 DAYS
UNJUSTLY BY SANQUENTIN REFUSAL TO RELEASE ME, SO I WAS
RELEASED ON DEC 12, 2006.

— (CLAIM #1) ENDS —

CLAIM #2). (staten. wts of claims)

PETITIONER ALLEGES WHILE OFFICER(S) A. DOBIE
AND/OR OFFICER: GRIFFIN, WAS ARRESTING ME (comp. DOSS)
ON THE WARRANT STATED IN (CLAIM #1) ATTACHED;
THESE OFFICER(S) TAKNE ME (PETITIONER) DOSS TO
RICHMOND POLICE DEPT AND SEARCHED AND/OR BOOK
ME (comp. DOSS) ON ASCONDING FROM PAROLE AND
A GUN ALLEGED TO HAVE BEEN FOUND HOURS AFTER
I WAS BOOKED IN RICHMOND JAIL, ~ THAT SOMEONE
HANDED TO OFFICERS upon BEING CALLED TO A LOCATION
ON HARBOR WAY 10TH STREET, AS REPORT'S SHOW ~
PETITIONER

CONTENDED THAT HE (comp. DOSS) WAS NOT
IN POSSESSION OF A WEAPON AND/OR HAD NO WEAPON
plus DID NOT ASCOND FROM PAROLE, BUT OFFICER(S) SIMPLY
REFUSED TO ACKNOWLEDGE THIS SO I WAS HELD FROM
OCT 20TH 2006 TIL DEC 12, 2006 BEFORE ALL CHARGES
WERE "DISMISSED" ON PAROLE ~

YET PETITIONER WAS ARRESTED "again" FOR THE
SECOND TIME ON A REFILING OF THE WEAPON CHARGE
THAT WAS ALREADY DISMISSED AS STATED ABOVE, DATE
OF SECOND ARREST WAS FEB 5TH 2007 LEAVING ME TO
SIT UNTIL MARCH 9, 2007 BEFORE BEING DISMISSED again
RELEASING ME (comp. DOSS). ~ THESE OFFICER(S) SINGLED ME
out DUE TO PAROLE ACTIONS, THEN SINGLED ME OUT TO BE
CHARGED WITH A WEAPON SINCE I WAS ON PAROLE, IT IS
now CLEARLY NEGAL AGAIN THAT COST ME 54 DAYS ONCE
35 DAYS SECOND TIME FOR A TOTAL OF 89 DAYS IN PRISON
BEFORE BEING VENDICATED AND RELEASED ALL CHARGES
DISMISSED;

— DAMAGES —

1) $800,000 FROM "EACH SEPERATE DEFENDANTS

1). KENNETH STANSBURY (PAROLE AGENT) -1

2). MURIEL MARTIN, SUPERVISOR OF PAROLE) -2

3). 1 A. DOBIE (RICHMOND POLICE OFFICER -3

4). 2 GRIFFIN (RICHMOND POLICE OFFICER) -4

5). 3 DEPARTMENT OF CORRECTION (BOARD OFFICIAL CHIEF) 5

6). 4 RICHMOND POLICE DEPARTMENT (CHIEF) -6

7).(5) PUNITIVE DAMAGES FOR MENTAL ANGUISH (STRESS /
8) ENDURED CONDITION(S) IN AMOUNT OF (180 million)

— CONTINUE ON ATTACH —

7    I declare under penalty of perjury that the foregoing is true and correct.

8

9    Signed this _____1st_____ day of ___MAY_____, 20 _07_

10

11    Mr. Jimmie L. Doss Jr.

12    (Plaintiff's signature)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                    - 4 -

(Continue IV Re (GF pg #3)

— Relief Requested —

Damages in the amount of $800,000.00 each to be paid seperatly by named defendant(s) below:

1). Department of corrections (Board of parole) Chief.

2). Kenneth Stansbury (parole agent).

3). Mr. Mikeil Martin (parole supervisor).

4). A. Dobie, (R.P.D) officer.

5). Griffin (R.P.D) officer.

6). Richmond police department (Chief)

7). Punitive "stress (mental anguish)" damages in the amount of: 180 million, with stipulation(s) for dividing it by me. Doss)

#1): 40-million of the 180 million to be given to schools of Richmond, CA of (my) "choice" to improve programs and higher learning for children!

#2): 40-million of the 180-million to be given to local homeless (shelters) of (my choice) to build more help centers to house feed the people that face challenge

#3): 100-million to be award to me mr. Doss to round out the balance of the 180-million

#4): my good time on parole

STATE OF CALIFORNIA                                              $TMENT OF CORRECTIONS
PAROLE VIOLATIONS DISPOSITIONS (INCLUDING BPT/NAEA ACTIONS)
CDC 1244 (1/91)                                           PAGE   1   OF   1

INSTRUCTIONS FOR COMPLETING - For minor violations, the Parole Agent is to complete the columns titled "DATE OF VIOLATION",     "VIOLATION",
and "ACTION".  The Unit Supervisor will enter the "ACTION CODE" and sign in the column titled "ACTION TAKEN BY".  For all Board of Prison Terms (BPT)
actions, where good cause is found, the Parole Agent is to complete all columns including the "ACTION CODE" column  Entries are to be in chronological order and
typed or legibly handwritten  The Original CDC 1244 is to be maintained on the top right hand section of the field file  A copy of the CDC 1244 is to be attached to
violation reports.

| ACTION | ACTION CODE |
|---|---|
| COP - Continue on Parole<br>RTC - Return to Custody<br>Dismiss - No Parole Violation<br>Reinstate<br>Other | 1  Mandatory BPT<br>2  Non-Mandatory BPT<br>  A  Commitment Offense<br>  B. Repeated Violations<br>  C  Psychological Problems<br>  D  Gang<br>  E. Poor Parole Adjustment | 2  Good Parole Adjustment<br>4  Community Program<br>5  Defer Local Adjudication<br>6. Minimal Risk Person or Property<br>7  No Parole Violations |

| COMMITMENT OFFENSE | | | | RISK SCORE | NEEDS SCORE |
|---|---|---|---|---|---|
| P246.3 DISCH FIREARM W/NEG | 667.5 PC ☐ YES ☒ NO | | | 3.0 | 3.0 |

| DATE OF VIOLATION | VIOLATION | ACTION | ACTION CODE | ACTION TAKEN BY |
|---|---|---|---|---|
| 7/12/05 | ABSCONDING, POSS OF FIREARM W/PRIOR FIREARM USE CONVICTION | RTC-91 | 2E | BPH |
| 10/20/06 | ABSCONDING, POSS OF FIREARM W/PRIOR FIREARM USE CONVICTION | Dismissed | 7 | BPH |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| CDC NUMBER | PAROLEE'S NAME (LAST, FIRST, MI) | UNIT |
|---|---|---|
| K26294 | DOSS, JIMMIE | RICHMOND |

EXHIBIT B

1

2

3 IN THE UNITED STATES DISTRICT COURT

4 FOR THE NORTHERN DISTRICT OF CALIFORNIA

5

6 JIMMIE L. DOSS,              )   No. C 07-2708 MJJ (PR)
                                      )

7        Plaintiff,      )   **ORDER OF SERVICE;**
                                        )   **DIRECTING DEFENDANTS TO**

8   v.                     )   **FILE DISPOSITIVE MOTION OR**
                                        )   **NOTICE THAT SUCH MOTION IS**

9 RICHMOND POLICE       )   **NOT WARRANTED; GRANTING**
DEPARTMENT, et al.,     )   **APPLICATION TO PROCEED IN**

10                                         )   **FORMA PAUPERIS**
       Defendants.     )

11                                         )   (Docket No. 2)

12

13      Plaintiff, an inmate in the Contra Costa County Jail, filed this pro se civil rights

14 complaint pursuant to 42 U.S.C. § 1983, alleging that he was falsely imprisoned on two

15 occasions. Plaintiff has also applied for leave to proceed in forma pauperis.

**DISCUSSION**

16

17 **A.   Standard of Review**

18      A federal court must conduct a preliminary screening in any case in which a
prisoner seeks redress from a governmental entity or officer or employee of a

19 governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

20 any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a

21 claim upon which relief may be granted or seek monetary relief from a defendant who is

22 immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be

23 liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

24 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

25 elements: (1) that a right secured by the Constitution or laws of the United States was

26 violated, and (2) that the alleged violation was committed by a person acting under the

27

28 N:\MJJ\HC Orders\doss.srv.wpd

1  color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

2  **B.    Legal Claims**

3      Plaintiff alleges he was arrested by Richmond Police Officers on October 20, 2006,

4  for violating parole, that these charges were dismissed by the Board of Parole Hearings on

5  December 5, 2006, and that he was released from jail on December 12, 2006.  Plaintiff

6  further alleges that he was arrested again on February 5, 2007, on a "weapons charge," and

7  that he was released when these charges were dismissed on March 9, 2007.  Plaintiff claims

8  his arrest and imprisonment on both of these occasions were false.  He sues the parole

9  officials and the officials with the Richmond Police Department who were involved in his

10  arrest and imprisonment.  Liberally construed, plaintiff's allegations state a cognizable claim

11  for false arrest and imprisonment.  See Atwater v. City of Lago Vista, 532 U.S. 318, 354

12  (2001); Michigan v. Summers, 452 U.S. 692, 700 (1981) (an arrest is unlawful unless there is

13  probable cause to support it); Baker v. McCollan, 443 U.S. 137, 142-145 (1979) (.  A claim

14  for wrongful detention (false imprisonment) absent a cognizable claim for wrongful arrest

15  will not ordinarily state an independent claim under § 1983.  See question is whether

16  detention unconstitutional and person arrested pursuant to warrant issued on showing of

17  probable cause not constitutionally entitled to separate judicial determination of probable

18  cause to detain pending trial; absent lack of validity of warrant, claim is for violation of state

19  tort law, at best).

20  <center>**CONCLUSION**</center>

21      In order to expedite the resolution of this case, the Court orders as follows:

22      1.    The Clerk of Court shall issue summons and the United States Marshall shall

23  serve a copy of the complaint in this matter, all attachments thereto, and a copy of this

24  order upon the **Chief of the Richmond Police Department, as well as Officer A. Dobie**

25  **and Officer Griffin** at the **City of Richmond Police Department;** and upon **Parole**

26  **Agent Kenneth Stansbury and Parole Agent Muriel Martin** at the **California**

27  **Department of Corrections (Parole Division)** at 2555 El Portal Drive, San Pablo,

28  California 94806.  The Clerk shall also mail a courtesy copy of this order and the

United States District Court

N:\MJJ\HC Orders\doss.srv.wpd                    2

1   complaint to the City of Richmond City Attorney's Office and the California Attorney

2   General.

3          2.      No later than **ninety (90) days** from the date of this order, defendants shall

4   file a motion for summary judgment or other dispositive motion with respect to the claims

5   in the complaint found to be cognizable above.

6              a.      If defendants elect to file a motion to dismiss on the grounds plaintiff

7   failed to exhaust his available administrative remedies as required by 42 U.S.C. §

8   1997e(a), defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to Wyatt

9   v. Terhune, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

10             b.      Any motion for summary judgment shall be supported by adequate

11  factual documentation and shall conform in all respects to Federal Rule of Civil Procedure

12  56.  **Defendants are advised that summary judgment cannot be granted, nor qualified**

13  **immunity found, if material facts are in dispute.  If any defendant is of the opinion**

14  **that this case cannot be resolved by summary judgment, he shall so inform the Court**

15  **prior to the date the summary judgment motion is due.**

16         3.      Plaintiff's opposition to the dispositive motion shall be filed with the Court

17  and served on defendants no later than **thirty (30) days** from the date defendants' motion is

18  filed.

**United States District Court**

19             a.      In the event the defendants file an unenumerated motion to dismiss

20  under Rule 12(b), plaintiff is hereby cautioned pursuant to Wyatt v. Terhune, 315 F.3d

21  1108, 1119-20 & n.4 (9th Cir. 2003):

22              If defendants file an unenumerated motion to dismiss for failure to
        exhaust, they are seeking to have your case dismissed.  If the motion is granted
23      it will end your case.
            You have the right to present any evidence you may have which tends to
24      show that you did exhaust your administrative remedies.  Such evidence may
        be in the form of declarations (statements signed under penalty of perjury) or
25      authenticated documents, that is, documents accompanied by a declaration
        showing where they came from and why they are authentic, or other sworn
26      papers, such as answers to interrogatories or depositions.
            If defendants file a motion to dismiss and it is granted, your case will be
27      dismissed and there will be no trial.

28             b.      In the event defendants file a motion for summary judgment, the Ninth

N:\MJJ\HC Orders\doss.srv.wpd                          3

1 | Circuit has held that the following notice should be given to plaintiffs:

2 | The defendants have made a motion for summary judgment by which
they seek to have your case dismissed.  A motion for summary judgment
3 | under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end
your case.
4 | Rule 56 tells you what you must do in order to oppose a motion for
summary judgment.  Generally, summary judgment must be granted when
5 | there is no genuine issue of material fact--that is,  if there is no real dispute
about any fact that would affect the result of your case, the party who asked
6 | for summary judgment is entitled to judgment as a matter of law, which will
end your case.  When a party you are suing makes a motion for summary
7 | judgment that is properly supported by declarations (or other sworn
testimony), you cannot simply rely on what your complaint says.  Instead,
8 | you must set out specific facts in declarations, depositions, answers to
interrogatories, or authenticated documents, as provided in Rule 56(e), that
9 | contradict the facts shown in the defendants' declarations and documents and
show that there is a genuine issue of material fact for trial.  If you do not
10 | submit your own evidence in opposition, summary judgment, if appropriate,
may be entered against you.  If summary judgment is granted in favor of
11 | defendants, your case will be dismissed and there will be no trial.

12 | See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to

13 | read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477

14 | U.S. 317 (1986) (holding party opposing summary judgment must come forward with

15 | evidence showing triable issues of material fact on every essential element of his claim).

16 | Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary

17 | judgment may be deemed to be a consent by plaintiff to the granting of the motion, and

18 | granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52,

19 | 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

20 | 4.      Defendants shall file a reply brief no later than **fifteen (15) days** after

21 | plaintiff's opposition is filed.

22 | 5.      The motion shall be deemed submitted as of the date the reply brief is due.

23 | No hearing will be held on the motion unless the Court so orders at a later date.

24 | 6.      All communications by the plaintiff with the Court must be served on

25 | defendants, or defendants' counsel once counsel has been designated, by mailing a true

26 | copy of the document to defendants or defendants' counsel.

27 | 7.      Discovery may be taken in accordance with the Federal Rules of Civil

28 | Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or

United States District Court

N:\MJJ\HC Orders\doss.srv.wpd

4

1   Local Rule 16-1 is required before the parties may conduct discovery.

2       8.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

3   Court informed of any change of address and must comply with the court's orders in a

4   timely fashion.  Failure to do so may result in the dismissal of this action for failure to

5   prosecute pursuant to Federal Rule of Civil Procedure 41(b).

6       9.      Extensions of time are not favored, though reasonable extensions will be

7   granted.  Any motion for an extension of time must be accompanied by a showing of good

8   cause for the extension requested, and must be filed no later than the deadline sought to be

9   extended.

10      10.     Plaintiff's request to proceed in forma pauperis (Docket No. 2) is

11  GRANTED.  The total filing fee that will ultimately be due is $350.00.  In view of plaintiff's

12  income and account balance over the last six months, no initial partial filing fee is due.

13  Funds for the filing fee will be taken from income to plaintiff's account in accordance with

14  28 U.S.C. § 1915(B)(1).  A copy of this order and the attached instructions will be sent to

15  plaintiff, the prison trust account office, and the Court's financial office.

16      This order terminates docket number 2.

17      IT IS SO ORDERED.

18  DATED: 8/1/2007

United States District Court

19

20                                          MARTIN J. JENKINS
                                            United States District Judge
21

22

23

24

25

26

27

28

    N:\MJJ\HC Orders\doss.srv.wpd                    5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff
       Finance Office

EXHIBIT C

1   JAMES V. FITZGERALD, III (State Bar No. 55632)
    NOAH G. BLECHMAN (State Bar No. 197167)
2   MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
    PFALZER, BORGES & BROTHERS LLP
3   1211 Newell Avenue
    Post Office Box 5288
4   Walnut Creek, CA 94596
    Telephone: (925) 939-5330
5   Facsimile: (925) 939-0203

6   Attorneys for Defendant
    CITY OF RICHMOND (erroneously sued herein as the
7   RICHMOND POLICE DEPARTMENT), OFFICER A. DOBIE,
    and OFFICER GRIFFIN

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11

12  JIMMIE L. DOSS, JR.,                    Case No. C07-2708 MJJ (PR)

13          Plaintiff,                      **NOTICE OF DEPOSITION**

14      vs.

15  CITY OF RICHMOND POLICE;
    OFFICER MILES BAILEY; OFFICER E.
16  ZELSTER; RICHMOND POLICE
    DEPARTMENT; MORAGA POLICE
17  DEPARTMENT; and OFFICER L.
    HENDRICSEN; ,
18
            Defendants.
19

20  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD

21      PLEASE TAKE NOTICE that at 9:00 A.M., on October 30, 2007, at the Martinez

22  Detention Facility, 901 Court Street, Martinez, California, Defendants Officer A. Dobie and

23  Officer Griffin, by and through their attorney, will take the deposition of Plaintiff JIMMIE L.

24  DOSS, JR. upon oral examination, said deposition to continue from day to day until completed.

25      YOU ARE FURTHER NOTIFIED that pursuant to FRCP 30(b)(5) defendants demand that

26  plaintiff bring to said deposition the following documents:

27      1.    Any and all documents that support your allegations in your complaint of May 22,

28  2007.

NOTICE OF DEPOSITION

2.    Any and all documents supporting any claim by you for damages that is being made in the above-entitled matter.

Dated:  September 19, 2007

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
CITY OF RICHMOND (erroneously sued herein as the RICHMOND POLICE DEPARTMENT), OFFICER A. DOBIE, and OFFICER GRIFFIN

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On this date I served the foregoing **NOTICE OF DEPOSITION** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Walnut Creek, California, addressed as follows:

Plaintiff in Pro Per:

Mr. Jimmie L. Doss, Jr.
Prisoner #2007004034
901 Court Street
Martinez, CA 94553

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 19, 2007 at Walnut Creek, California.

SABRINA AHIA

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330