EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
DANIELLE F. O'BANNON, State Bar No. 207095
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 703-5735
  Fax: (415) 703-5843

Attorneys for Defendants Kenneth Stansbury and Muriel Martin

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JIMMIE L. DOSS, JR., <br><br> Plaintiff, <br><br> v. <br><br> RICHMOND POLICE DEPARTMENT, et al., <br><br> Defendants. | C 07-2708 MJJ (PR) |

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS;**

**MEMORANDUM OF POINTS AND AUTHORITIES**

# TABLE OF CONTENTS

| | Page |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 2 |
| ISSUES PRESENTED | 2 |
|     A.  Federal Absolute Immunity | 2 |
|     B.  Federal Qualified Immunity | 2 |
|     C.  State Statutory Immunity | 2 |
|     D.  Damages Premised on Mental Or Emotional Injuries | 2 |
|     E.  Punitive Damages | 2 |
| STATEMENT OF THE FACTS | 3 |
| SUMMARY OF ARGUMENT | 3 |
| ARGUMENT | 4 |
|     I.  PLAINTIFF'S CLAIMS ARE BARRED BECAUSE DEFENDANTS ARE ENTITLED TO ABSOLUTE IMMUNITY FROM LIABILITY UNDER FEDERAL LAW. | 4 |
|     II.  PLAINTIFF'S FEDERAL CLAIMS ARE BARRED BECAUSE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY. | 5 |
|         A.  Qualified Immunity and Parole Agents. | 5 |
|         B.  Defendants Actions Did Not Violate Clearly Established Right. | 7 |
|     III.  PLAINTIFF'S CLAIMS ARE BARRED BECAUSE DEFENDANTS ARE ENTITLED TO IMMUNITY FROM LIABILITY UNDER STATE LAW. | 8 |
|     IV.  PLAINTIFF'S REQUEST FOR MONETARY DAMAGES FOR MENTAL/EMOTIONAL INJURIES ARE BARRED. | 10 |
|     V.  PLAINTIFF FAILS TO STATE SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES. | 11 |
| CONCLUSION | 11 |

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*Jimmie Doss v Richmond Police Dept., et al.*
Case No. C-07-2708 MJJ (PR)

i

# TABLE OF AUTHORITIES

Page

**Cases**

*Anderson v. Boyd*
714 F.2d 906 (9th Cir. 1983) .................................................................... 5

*Anderson v. Creighton*
483 U.S. 635 (1987) .................................................................................. 7

*Burkes v. Callion*
433 F.2d 318 (9th Cir. 1970) .................................................................... 5

*Cabell v. Chavez-Salido*
454 U.S. 432 (1982) .................................................................................. 6

*Caldwell v. Montoya*
10 Cal.4th 972 (1995) ............................................................................... 9

*Dang v Cross*
422 F.3d 800 (9th Cir. 2005) .................................................................... 11

*Harlow v. Fitzgerald*
457 U.S. 800 (1982) .................................................................................. 7

*Imbler v. Pachtman*
424 U.S. 409, n.13 (1976) ......................................................................... 4

*In re Law*
109 Cal.Rptr. 573, n.2 (1973) ................................................................... 6

*Johnson v. Rhode Island Parole Bd. Members*
815 F.2d 5 (1st Cir. 1987) ......................................................................... 6

*Lassiter v. Alabama A&M University*
28 F.3d 1146 (1st Cir. 1994) .................................................................... 8

*Leyva v. Nielsen*
83 Cal.App.4th 1061 (2000) ..................................................................... 9

*Malley v. Briggs*
475 U.S. 335 (1986) .................................................................................. 7

*Martinez v. State of California*
444 U.S. 277 (1980) .................................................................................. 9

*Mitchell v Dupnik*
75 F.3d 517 (9th Cir. 1996) ...................................................................... 11

*Oliver v. Keller*
289 F.3d 623 (9th Cir. 2002) .................................................................... 10

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*Jimmie Doss v Richmond Police Dept., et al.*
Case No. C-07-2708 MJJ (PR)

ii

## TABLE OF AUTHORITIES (continued)

| | Page |
|---|---:|
| *People v. Willis*<br>120 Cal.Rptr.2d 105 (2002) | 6 |
| *Saucier v. Katz*<br>533 U.S. 194 (2001) | 7 |
| *Sellars v. Procunier*<br>641 F.2d 1295 (9th Cir. 1981) | 4, 5 |
| *Sorrels v. McKee*<br>290 F.3d 965 (9th Cir. 2002) | 8 |
| *Swift v State of California*<br>384 F.3d 1184 (9th Cir. 2004) | 5-7 |

**Statutes**

California Code of Regulations, Title 15
  § 2600 — 8
  § 2615 — 6
  § 2616(a) — 6
  § 2616(c) — 7

California Penal Code
  § 830.5 — 6

Federal Rule of Civil Procedure
  Rule 12(b)(6) — 1, 3

Government Code
  § 820.2 — 8
  § 845.8(a) — 9

United States Code, Title 28
  § 1915A — 3

United States Code, Title 42
  § 1983 — 2, 4, 11
  § 1997e(e) — 2, 4, 10, 11

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*Jimmie Doss v Richmond Police Dept., et al.*
Case No. C-07-2708 MJJ (PR)

iii

EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
DANIELLE F. O'BANNON, State Bar No. 207095
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA 94102-7004
  Telephone: (415) 703-5735
  Fax: (415) 703-5843

Attorneys for Defendants Kenneth Stansbury and
Muriel Martin

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **JIMME L. DOSS,**<br><br>                       Plaintiff,<br><br>v.<br><br>**RICHMOND POLICE DEPARTMENT, et al.,**<br><br>                       Defendants. | CASE NO. C 07-2708 MJJ (PR)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES** |

TO PLAINTIFF JIMME L. DOSS, PRO SE:

    PLEASE TAKE NOTICE that Kenneth Stansbury and Muriel Martin (Defendants) move to dismiss this suit under Federal Rule of Civil Procedure 12(b)(6). The basis of this motion is that the complaint fails to state a claim upon which relief may be granted and that Defendants are entitled to absolute or qualified immunity. This motion is based on the following memorandum of points and authorities, the proposed order, and the Court's file in this matter.

    In the event that the Court denies this motion, in whole or in part, Defendants respectfully request that the Court grant them additional time to file a motion for summary judgement.

# MEMORANDUM OF POINTS AND AUTHORITIES

## ISSUES PRESENTED

**A.  Federal Absolute Immunity**

Plaintiff is currently a prisoner located in Contra Costa County jail. While he was on parole, a warrant was issued for his arrest for absconding parole, he was held and detained in jail pending a revocation hearing by the Board of Prison Hearings. Plaintiff alleges that Defendants Kenneth Stansbury and Muriel Martin violated his constitutional rights when they had him arrested, instituted a parole hold and incarcerated him pending his parole revocation hearing. Can Plaintiff bring federal claims against parole officials or are they entitled to absolute immunity under federal law?

**B.  Federal Qualified Immunity**

In order to defeat Defendants' claim of qualified immunity, Plaintiff must establish that there could be a constitutional violation on the facts alleged and that the Defendants violated a clearly established law. Can parole officials violate clearly established law if they respond to parole violations pursuant to specific statutory authority?

**C.  State Statutory Immunity**

Plaintiff claims, at best, allege state tort law. Under California statutory law, parole officials are entitled to immunity. California courts have held that immunity applies to all parole activities, whether characterized as discretionary or ministerial. Are Defendants immune from Plaintiff's state law claims?

**D.  Damages Premised on Mental Or Emotional Injuries**

42 U.S.C. § 1997e(e) requires a showing of physical injury before recovery of damages based on mental or emotional injuries. The alleged physical injury must be more than de minimus. Plaintiff does not allege that he suffered injury at the hand of the Defendants. Is Plaintiff's claims barred to the extent the he seeks damages premised on mental or emotional injuries.

**E.  Punitive Damages**

Government officials sued in their official capacities are immune from punitive damages under 42 U.S.C. § 1983. Is Plaintiff suing Defendants in their official capacities? Punitive damages may be awarded against a Defendant in his individual capacity if Defendant acts with either evil

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.  *Jimmie Doss v Richmond Police Dept., et al.*
Case No. C-07-2708 MJJ (PR)

2

motive, intent or reckless or callous indifference. Did Plaintiff allege that Defendants acted with the request intent to justify an award of punitive damages?

## STATEMENT OF THE FACTS

Plaintiff Jimme L. Doss is an inmate in the Contra Costa County Jail. Defendants are parole agents with the Richmond Parole Unit in San Pablo, California and are employees of the California Department of Correction and Rehabilitation.[1] Plaintiff alleges that Defendants falsely charged him with parole violations on two separate occasions, and caused him to be falsely arrested and detained for a total of eighty-nine days. (Compl.) He specifically alleges that Defendants falsified documents to have him arrested on October 20, 2006 for absconding from parole and unjustly held him in jail for an additional seven days after charges were dismissed on December 5, 2006. (Compl. 3 - 4.) Plaintiff also alleges that he was re-arrested on a weapons charge relating to the October 20, 2006 arrest on February 5, 2007 and was unjustly held in jail until March 9, 2007 when the charges were dismissed. (*Id.* at 5.) Plaintiff seeks $800,000 from each named Defendant and an additional $180,000,000 in punitive damages. (*Id.* at 6.)

The Court screened the Complaint under 28 U.S.C. § 1915A and found a cognizable claim for false arrest and imprisonment. (Order of Service 2:10-19.)

Defendants now submit this motion to dismiss the action under Rule 12(b)(6) for Plaintiff' failure to state a claim upon which relief may be granted.

## SUMMARY OF ARGUMENT

Plaintiff's allegations do not state a claim upon which relief may be granted. Under federal law, absolute immunity is extended to parole officials whose actions are directly related to revocation of parole. Qualified immunity is extended to parole officials' actions that are related to the investigation of parole violations, parole holds, arrests, and recommendations regarding parole revocation hearings. Additionally, California law affords parole officials both general immunity for discretionary acts and specific immunity. Parole officials are covered whether their acts are

---

1. There are a total of six defendants in this action. Defendants' Kenneth Stansbury and Muriel Martin are represented by the Attorney General's Office and are the moving parties for this motion.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                      *Jimmie Doss v Richmond Police Dept., et al.*
                                                                    Case No. C-07-2708 MJJ (PR)

characterized as discretionary or ministerial. All of the acts alleged by Plaintiff fall within the terms of the specific immunity statute. Thus, Defendants are immune from liability for their actions under both federal and state law.

Plaintiff is also barred from seeking damages to the extent damages are premised on mental or emotional injuries. Under 42 U.S.C. § 1997e(e), there must be a showing of physical injury before an award of damages for mental or emotional injuries. Plaintiff has failed to alleged any physical injury in his complaint and is therefore barred from seeking damages for mental or emotional injuries.

## ARGUMENT

### I.

**PLAINTIFF'S CLAIMS ARE BARRED BECAUSE DEFENDANTS ARE ENTITLED TO ABSOLUTE IMMUNITY FROM LIABILITY UNDER FEDERAL LAW.**

Plaintiff's allegations that he was falsely arrested, held, and detained cannot overcome the absolute immunity that is afforded to parole officers. If an officer has absolute immunity from a 42 U.S.C. § 1983 suit, the court must dismiss any civil rights suit filed against that officer for actions taken within the scope of his or her official duty. On the other hand, an officer who has qualified immunity can be liable under 42 U.S.C. § 1983 for actions taken in bad faith, and not for actions that are merely negligent. *See Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976). Defendants in this case should be afforded absolute immunity for their actions that are deemed to be quasi-judicial in nature. Absolute immunity applies to all parole officials who perform duties which can be classified as quasi-judicial. *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981). In *Sellars,* plaintiff claimed parole officials had conspired to set a release date that resulted in an excessively long prison term. The *Sellars* court based its holding on the "quasi judicial" nature of the parole process:

> [P]arole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole. The daily task of both judges and parole board officials is the adjudication of specific cases or controversies. Their duty is often the same: to render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake. They face the same risk of constant unfounded suits by those disappointed by the parole board's decisions.

*Sellars,* 641 F.2d at 1303.

In *Anderson v. Boyd,* the Ninth Circuit discussed the difference between acts that are characterized as quasi judicial in nature and shielded by absolute immunity. *Anderson v. Boyd,* 714 F.2d 906 (9th Cir. 1983) (overruled on other grounds). The court stated that quasi-judicial immunity completely shields officials when they perform the functions which give rise to the need for absolute protection, even when the officials make egregious mistakes in carrying out these duties. *Id.* at 909.

In *Burke v. Callion,* the Ninth Circuit also held that a probation officer who prepares and submits probation reports in a criminal case is performing a quasi-judicial function and is entitled to a similar, if not the same, immunity that is accorded to judges for acts done by them in the exercise of their judicial functions. *Burkes v. Callion,* 433 F.2d 318 (9th Cir. 1970).

Based on the case authorities presented, absolute immunity applies to all parole officials who engage in quasi-judicial conduct that directly relates to the decision to revoke parole. In so far as Defendants' actions were directly related to the decision to grant, deny, or revoke parole, Defendants are entitled to absolute immunity.

## II.

## PLAINTIFF'S FEDERAL CLAIMS ARE BARRED BECAUSE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

### A. Qualified Immunity and Parole Agents.

Qualified immunity has been accorded to certain state officials for decisions made in the good faith exercise of their official responsibilities. *Sellars,* 641 F.2d 1300. In regards to the Defendants' actions that are not considered quasi-judicial, they are entitled to qualified immunity. Parole officers are not absolutely immune from suits arising from conduct distinct from the decision to grant, deny, or revoke parole. *Swift v State of California,* 384 F.3d 1184, 1189 (9th Cir. 2004). Parole officials are not entitled to absolute immunity for conduct not requiring the exercise of quasi-judicial discretion. *Anderson,* 714 F.2d 909. While parole officials may claim absolute immunity for those actions relating to their responsibility to determine whether to revoke parole, their immunity for conduct arising from their duty to supervise parolees is qualified. *Id.* at 110.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.    *Jimmie Doss v Richmond Police Dept., et al.*
Case No. C-07-2708 MJJ (PR)

5

1. Actions Related to Investigation.

The majority of circuits addressing the scope of official immunity for parole officials have held that when a parole officer is performing a law enforcement function, the officer is entitled to only qualified immunity. *Swift*, 384 F.3d 1191; *see also Johnson v. Rhode Island Parole Bd. Members*, 815 F.2d 5, 8 (1st Cir. 1987) Under California's system of parole, a parole agent acts as a law enforcement official when investigating parole violations and executing parole holds. As parole agents, Defendants in this case when investigating Plaintiff's parole violations were acting as "peace officers" under California law. Cal. Penal Code, § 830.5. Both the California Supreme Court and the United States Supreme Court have observed that as "peace officers," parole officers perform a "law enforcement function." *People v. Willis*, 120 Cal.Rptr.2d 105, 118 (2002) (quoting *Cabell v. Chavez-Salido*, 454 U.S. 432, 443-44 (1982)). Therefore, in regards to Defendants' actions related to investigating Plaintiff's alleged parole violations, they are entitled to qualified immunity.

2. Parole Holds and Arrests.

In California, the issuance of a parole hold is an act by the parole agent that takes place independently of the parole decisional authority. *Swift*, 384 F.3d 1191-92; *In re Law*, 109 Cal.Rptr. 573, 575 n.2 (1973). The ability to issue a parole hold gives the parole officer power to have the parolee restrained by exercising his authority to take the parolee into custody and book him into a local jail. *Id.* at 1192. When issuing a parole hold, or authorizing an arrest, a parole agent functions as a police officer. *Id.*; *see also Johnson*, 815 F.2d at 8. Therefore, any of the Defendants' actions that lead to Plaintiff's parole holds and arrests are considered law enforcement functions and fall within the parameters of qualified immunity.

3. Recommendation regarding Parole Revocation Hearing.

The California Code of Regulations establishes an analogous relationship between California Department of Corrections and Rehabilitation's parole agents and the Board of Parole Hearings. Under California Code of Regulations, Title 15, § 2616(a), a parole agent shall report to the board any parolee who is reasonably believed to have committed certain violations. Once the report is forwarded to the Board of Parole Hearings, "the board is authorized to revoke parole in any case where the parolee has violated parole." *Id.* at § 2615. Parole officers under the California

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*Jimmie Doss v Richmond Police Dept., et al.*
Case No. C-07-2708 MJJ (PR)

6

regulations must report parole violations, while the Board of Parole Hearings is given the discretion to initiate the revocation proceedings. The regulations also include a catch-all provision, entitled "Behavior Which May Be Reported." Cal. Code Regs. tit. 15, § 2616(c). This provision enables a parole officer to report, "any conduct which the parole agent ... feels is sufficiently serious to report, regardless of whether the conduct is being prosecuted in court." *Id.* A parole officer acting under this provision would act with discretion, but his discretion would be regarding whether to report a violation to the board, not whether to revoke parole and thus his actions are not considered quasi-judicial in nature. *Swift*, 384 F.3d 1191. Therefore, any actions by Defendants related to the issuance of parole holds and arrests should be afforded qualified immunity protection for these actions.

**B.   Defendants Actions Did Not Violate Clearly Established Right.**

Qualified immunity shields state officials performing discretionary functions from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Qualified immunity thus serves to protect all but the plainly incompetent or those who knowingly violate the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986). In a qualified immunity analysis, "the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming a violation is established, the question whether the right was clearly established must be considered on a ... specific level ... " *Saucier v. Katz*, 533 U.S. 194 (2001).

The court must determine whether a reasonable parole agent could have believed his actions to be lawful. *See Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Thus the court needs to answer the question whether there would be a violation on the facts alleged in this case? The answer to this question must be answered in the negative. There can be no constitutional violation based on Plaintiff's arrest and detention. In considering the second question, the question must also be answered in the negative. Plaintiff simply cannot show that Defendants violated a clearly established law.

In the first cause of action of the complaint, Plaintiff alleges that the Defendants rushed to put out a warrant which resulted in his arrest, was held in prison pending parole board decision, and was

unjustly held in prison for an additional eight days after the charges were dismissed. (Compl. 3-4). A parole agents' job duties include evaluating whether a parole violation has occurred, taking steps necessary to issue a warrant for the perceived parole violation, and placing the parolee on a parole hold pending a hearing with the Board of Parole Hearings.

California Code of Regulations. Title 15, § 2600 states as follows:

A parole agent may impose a parole hold... .

The hold decision must be made in every case regardless of the type of crime or parole violation with which the parolee is charged... .

A parole agent may place a parole hold on a parolee when he is already confined as the result of a new criminal charge or may arrest a parolee and place him in a local jail facility on a parole hold pending investigation of alleged parole violations.

Based on the facts alleged here, no reasonable parole agent would have believed that their actions were in violation of a constitutional right when their actions were authorized by § 2600.

Qualified immunity is only lost when preexisting law "dictates" – not merely suggests – "the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." *Lassiter v. Alabama A&M University*, 28 F.3d 1146, 1150 (1st Cir. 1994). To defeat a defendant's claim of qualified immunity, a plaintiff must show that the policy was such a far cry from what any reasonable prison official could have believed was legal that the defendants knew or should have known they were breaking the law. *Sorrels v. McKee*, 290 F.3d 965, 971 (9th Cir. 2002). The facts as set out in Plaintiff's compliant would not lead anyone to that conclusion.

### III.

### PLAINTIFF'S CLAIMS ARE BARRED BECAUSE DEFENDANTS ARE ENTITLED TO IMMUNITY FROM LIABILITY UNDER STATE LAW.

Plaintiff's claims, at best, allege state tort law violations. Under California law, parole officials are immune from liability. A public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether such discretion is abused. Gov't Code § 820.2.

//

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.

*Jimmie Doss v Richmond Police Dept., et al.*
Case No. C-07-2708 MJJ (PR)

8

1  Section 820.2 codifies the common law protection of public officials from the "fear of lawsuits [that] might deter officials" in the performance of their duties. *Caldwell v. Montoya*, 10 Cal.4th 972, 979 (1995).

The California Legislature expanded on section 820.2, by enacting Government Code section 845.8, which provides in part:

> Neither a public entity nor a public employee is liable for: (a) Any injury resulting from determining whether to parole or release a prisoner or from determining the terms and conditions of his parole or release or from determining whether to revoke his parole or release.

California courts have held that section 845.8(a) applies to all parole activities, whether characterized as discretionary or ministerial, and codifies a strong public policy in favor of protecting police and correctional officials. *See Martinez v. State of California*, 444 U.S. 277, 283 (1980).

Almost all of the cases dealing with immunity under section 845.8(a) involve claims by third parties. However, the immunity is equally applicable where the claimant is the parolee. In *Leyva v. Nielsen*, 83 Cal.App.4th 1061 (2000), an inmate sued the Board of Prison Terms alleging that he had wrongfully been denied parole.[2] The Board argued section 845.8(a) as a bar. The prisoner argued that the statute applies only to claims brought by third persons. The court rejected the prisoner's argument:

> Section 845.8 is specifically intended to extend immunity to public entities and public officials for injuries resulting from their decisions to release or not to release a prisoner or for injuries inflicted by escaped prisoners. The classic case is one in which the prisoner is paroled and the prisoner then commits another crime. However, the specific immunity is only part of the discretionary immunity afforded such entities and officials by section 820.2.

*Leyva*, 83 Cal.App.3d at 1066.

Sections 820.2 and 845.8(a) eliminate any doubt that California parole officials are entitled to immunity from liability for all acts relating to "whether to parole or release a prisoner or from determining the terms and conditions of his parole or release or from determining whether to revoke his parole or release." All of the acts alleged by Plaintiff fall under the terms of the statutes and

---

2. Board of Prism Terms' name has changed to Board of Parole Hearings.

Defendants are therefore immune from liability under state law.

## IV.

### PLAINTIFF'S REQUEST FOR MONETARY DAMAGES FOR MENTAL/EMOTIONAL INJURIES ARE BARRED.

Plaintiff is seeking damages in the amount of $800,000 to be paid by each named defendant. (Compl. at 7). Plaintiff is also seeking punitive stress/mental anguish damages in the amount of $180,000,000. (*Id.*)

42 U.S.C. § 1997e(e), provides as follows:

> No federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff is a prisoner confined in a jail who failed to allege that he suffered any physical injuries at the hands of Defendants or as a result of Defendants' conduct. He did not allege the nature and extent of his injuries, the extent of treatment, nor did he alleged that he will suffer from his injuries in the future. Absent more, Plaintiff is barred from seeking damages that are premised on mental or emotional injuries. Section 1997e(e) "requires a prior showing of physical injury that need not be significant but must be more than de minimus." *Oliver v. Keller*, 289 F.3d 623, (9th Cir. 2002). In *Oliver*, the plaintiff claimed "severe and lasting" neck and back pain for which he sought no medical treatment. He also alleged that he was assaulted by another prisoner, but failed to describe that nature and extent of his injuries. The plaintiff further claimed to have suffered a painful canker sore for which he sought and received treatment. The Ninth Circuit concluded that, "even assuming that [the prisoner] suffered all the injuries he alleges, they are not more than de minimus." *Id.* at 6463. Plaintiff has alleged less in this case than did the plaintiff in *Oliver,* and is therefore precluded from seeking damages premised on mental or emotional injuries.

///
///
///
///
///

V.

## PLAINTIFF FAILS TO STATE SUFFICIENT FACTS TO SUPPORT A CLAIM FOR PUNITIVE DAMAGES.

Government officials sued in their official capacities are immune from punitive damages under 42 U.S.C. § 1983. *Mitchell v Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). Thus, Plaintiff is not entitled to punitive damages against Defendants in their official capacity.

However, a jury may award punitive damages against a Defendant in his individual capacity when the Defendant's conduct is driven by evil motive or intent or when his actions involve a reckless or callous indifference to the constitutional rights of others. *Dang v Cross*, 422 F.3d 800, 807 (9th Cir. 2005). Plaintiff failed to allege that Defendants acted with evil motive or callous indifference. Therefore, Plaintiff is not entitled to punitive damages.

## **CONCLUSION**

Defendants are entitled to absolute immunity under federal law. Immunity is extended to parole officials whose actions are quasi-judicial in nature. For the action that are not quasi-judicial in nature, qualified immunity applies. Qualified immunity shields an official from civil-damages liability unless his conduct violated clearly established law. Since both state and federal law affords immunity to Defendants for their actions, a constitutional violation could not have occurred based on the facts alleged. All actions by Defendants were done pursuant to specific statutory authority and thus they are entitled to qualified immunity.

Plaintiff's claims, at best, violate state tort law. However, Defendants are also entitled to immunity under state law. California law affords parole officials both general immunity for discretionary acts and specific immunity. Parole officials are covered whether their acts are characterized as discretionary or ministerial. All of the acts alleged by Plaintiff in his complaint fall within the terms of the specific immunity statute. Accordingly, any state law claims that Plaintiff may have had are barred.

Plaintiff is also barred from seeking damages to the extent that his damages are premised on mental or emotional injuries. Under 42 U.S.C. § 1997e(e), there must be a showing of physical injury. Plaintiff has failed to alleged any physical injury and is therefore barred from seeking

1  damages for mental or emotional injuries.

2  Further, Plaintiff failed to alleged that Defendants' actions were driven by evil motive,
3  intent, or that their actions involved a reckless or callous indifference to his constitutional rights and
4  therefore is not entitled to punitive damages.

8  Dated: November 2, 2007

10  Respectfully submitted,

11  EDMUND G. BROWN JR.
    Attorney General of the State of California

12  DAVID S. CHANEY
    Chief Assistant Attorney General

13  FRANCES T. GRUNDER
14  Senior Assistant Attorney General

    JONATHAN L. WOLFF
15  Supervising Deputy Attorney General

    [signature]

    DANIELLE F. O'BANNON
18  Deputy Attorney General
    Attorneys for Defendants
19  Kenneth Stansbury and Muriel Martin

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.    *Jimmie Doss v Richmond Police Dept., et al.*
Case No. C-07-2708 MJJ (PR)

12

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Jimmie Doss v. Richmond Police Dept.. et al.**

Case No.:    **C 07-2708 MJJ (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>November 5, 2007</u>, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Jimmie L Doss
ID 2007004034/K-26294
Contra Costa County Jail
901 Court Street
Martinez, CA 94553
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **November 5, 2007**, at San Francisco, California.

| M. Xiang | _(signature)_ |
|---|---|
| Declarant | Signature |

20112199.wpd