JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendant
CITY OF RICHMOND (erroneously sued herein as the
RICHMOND POLICE DEPARTMENT), OFFICER A. DOBIE,
and OFFICER GRIFFIN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE L. DOSS, JR.,<br><br>  Plaintiff,<br><br>  vs.<br><br>RICHMOND POLICE DEPARTMENT;<br>DEPARTMENT OF CORRECTIONS;<br>KENNETH STANSBURY; OFFICER A.<br>DOBIE; OFFICER GRIFFIN; MURIEL<br>MARTIN,<br><br>  Defendants. | Case No. C07-2708 MJJ (PR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT FOR DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE PLAINTIFF'S CLAIM PURSUANT TO FRCP 41 (b)** |

Defendants CITY OF RICHMOND, OFFICER A. DOBIE, and OFFICER GRIFFIN ("Defendants") hereby submit their motion to dismiss Plaintiff's action for failure to prosecute pursuant to Federal Rules of Civil Procedure (FRCP) 41 (b). Plaintiff JIMMIE L. DOSS ("Plaintiff") refused to testify during Plaintiff's properly noticed deposition. Despite a clear warning at the jail deposition that his case may be dismissed for his failure to participate, Plaintiff explicitly stated that he does not have to participate in his civil action and even threatened to sue Defendants' counsel. Due to Plaintiff's fundamental failure to prosecute his case, Defendants are unable to gather crucial evidence in preparation for a motion for summary judgment and for trial. To prevent undue prejudice to the Defendants, as well as further harassment and delay in this

MOTION TO DISMISS FOR FAILURE TO
PROSECUTE – MP&A

litigation, Defendants' are now forced to bring this motion to dismiss Plaintiff's action against moving Defendants with prejudice for failure to prosecute under FRCP 41 (b).

## I.   FACTUAL BACKGROUND

This litigation stems out of two alleged false arrests and imprisonments of Plaintiff on October 20, 2006, and February 5, 2007 by the Richmond Police Department ("RPD").[1]

The first arrest occurred on October 20, 2006. RPD Officers Dobie and Griffin were assigned to work in the Iron Triangle District of Richmond due to constant problems with heavy drug-related crimes such as shootings and drug dealing in this area. Officers Dobie and Griffin approached the area of Harbor Way and Pennsylvania Avenue when they noticed a small group of people loitering. One of the males in the group, later identified as the Plaintiff, walked away as Officers Dobie and Griffin approached the group. Plaintiff entered a residence on 683 Harbor Way. The resident of that address, Ruby Judge (hereinafter "Judge"), was standing at the front gate and told Officers Dobie and Griffin that she did not know the Plaintiff and simply allowed him to use her restroom. When Plaintiff came out of the house he claimed that he was visiting Judge, his aunt. However, this statement had already been contradicted by Judge.

Plaintiff was then checked for outstanding warrants. RPD dispatch informed Officers Dobie and Griffin that Plaintiff had an outstanding no-bail warrant issued by the California Department of Corrections (Warrant #2060936169, Violation: Parolee at Large). The Plaintiff was then arrested and transported to the RPD.

A short time later, Officer Dobie was informed that a model .38 caliber revolver, which was loaded with five (5) live bullets, was found in Judge's house. Apparently, Plaintiff had stashed this gun inside Judge's house when he had walked into the house to allegedly use the restroom. Plaintiff was then booked in the RPD jail for a violation of Penal Code § 12021(a)(1) and the outstanding warrant.

The second arrest occurred on February 5, 2007, for an outstanding warrant from the October 20, 2006 arrest.

---

[1] All facts and supporting documents mentioned herein are attached to the declaration of Noah G. Blechman, filed herewith.

MOTION TO DISMISS FOR FAILURE TO PROSECUTE – MP&A                           2

Plaintiff alleges that the charges, for which he was arrested, were later dismissed and that his arrest and imprisonment on both of these occasions were false. On 5-22-07, Plaintiff filed a civil rights case under 42 U.S.C. § 1983 for false arrest and imprisonment against the City of Richmond (erroneously sued as Richmond Police Department), individually named RPD Officers and Parole Agents of the CA Department of Corrections. Plaintiff is currently an inmate in the Contra Costa County Jail and filed his civil rights complaint pro se. (See <u>Exhibit A</u> to Blechman Decl.)

On September 19, 2007, Defendants duly noticed Plaintiff's deposition for October 30, 2007, at the Martinez Detention Facility, 901 Court Street, Martinez, California. (See <u>Exhibit B</u> to Blechman Decl.) It was vital for Defendants to take Plaintiff's deposition early in this litigation to properly prepare for trial and, more importantly, to timely prepare for a motion for summary judgment. The motion for summary judgment was initially due for filing 90 days from the date of Your Honor's Order, filed August 8, 2007. In order to duly prepare the motion, including a thorough evaluation of any existing factual disputes, it was crucial that Defendants first depose Plaintiff to flush out any and all factual issues. Therefore, Defendants asked Your Honor for a 45-day time extension to file their motion for summary judgment until after Plaintiff's scheduled deposition took place, which was granted by Your Honor. (See <u>Exhibit C</u> to Blechman Decl.)

On October 30, 2007, Plaintiff appeared at his deposition in jail in pro per. However, after he had received the standard instructions about the deposition procedure, Plaintiff refused to speak to Defendants' counsel Noah G. Blechman. Plaintiff's unreasonable refusal to participate in the prosecution of his case is clearly documented in the following statements made by Plaintiff at his deposition:

(1) Plaintiff firmly and repeatedly stated that he **<u>did not want to talk to counsel</u>**. (See Exhibit D to Blechman Decl., ¶8:5 – 10:16.)

(2) Mr. Blechman explicitly and repeatedly told him that he will ask the Court to dismiss Plaintiff's action for failure to prosecute if Plaintiff refuses to participate in his deposition, to which Plaintiff responded "**<u>I don't care</u>**." (See Exhibit D to Blechman Decl.,

MOTION TO DISMISS FOR FAILURE TO PROSECUTE – MP&A    3

¶8:16-20, ¶10:4-6.)

(3)   Plaintiff told Mr. Blechman that "**it won't happen**" and that he **will not get "no kind of record" on him**. (See Exhibit D to Blechman Decl., ¶8:22-25.)

(4)   If Defendants would want to know anything from the complaint, they should read it. (See Exhibit D to Blechman Decl., ¶9:1-4.)

(5)   Plaintiff further said that he "**does not have to participate in his civil case**" and "**does not have to talk to the police attorney**." (See Exhibit D to Blechman Decl., ¶10:8-14.)

(6)   Off the record, Plaintiff **threatened to sue Mr. Blechman** for some unknown reasons. (See Exhibit D to Blechman Decl., ¶11:16-17.) Plaintiff then left his deposition.

Based on Plaintiff's deliberate and fundamental refusal to participate in his civil action, despite repeated warnings that his case may get dismissed, Defendants are unable to gather crucial evidence in preparation for their motion for summary judgment and for trial. Based on Plaintiff's abrasive and uncooperative demeanor, Plaintiff will has not prosecuted his case. Therefore, to avoid undue prejudice and to prevent further harassment and delay in this litigation, moving Defendants' are now forced to bring this motion to dismiss Plaintiff's action with prejudice for Plaintiff's failure to prosecute under FRCP 41 (b).

## II.   LEGAL ANALYSIS

**Plaintiff's Civil Rights Action Against Moving Defendants Should Be Dismissed Because Plaintiff Deliberately Refused To Prosecute His Action Under FRCP 41 (b)**

FRCP 41 (b) governs involuntary dismissal of an action and states the following:

> "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision operates as an adjudication upon the merits."

The purpose of Rule 41 (b) is to prevent unnecessary harassment and delay in litigation. Barger v. Baltimore & O. R. Co., (1942 App DC) 75 U.S. App. D.C. 367, 402.[2]

---

[2] Defendants are bringing their motion to dismiss under Rule 41 (b), not under Rule 37 (d) which applies only for a failure to appear at a deposition, not for a refusal to testify. See Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir. 1995). Unlike in Estrada, which did not address a dismissal under Rule 41 (b), a Rule 37 motion would not be appropriate in

MOTION TO DISMISS FOR FAILURE TO PROSECUTE – MP&A                    4

The granting of a motion to dismiss for lack of diligent prosecution is within the discretion of the trial court. In determining whether to dismiss a case for want of prosecution pursuant to Rule 41, the court may consider the following factors: the frequency and magnitude of plaintiff's failures to prosecute, plaintiff's responsibility for those failures, the effect of those failures on the judge's calendar and time, the prejudice to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents. Also, there must be an explicit warning before the case is dismissed. See Aura Lamp & Lighting, Inc. v. Int'l Trading Corp., (7th Cir. 2003) 325 F.3d 903, 908, where the case was dismissed pursuant to Rules 41 and 37. A prejudicial factor is, for example, if the defendant is unable to gather evidence in preparation for trial because of the unreasonable failure of plaintiff to prosecute his claim. United States v. Myers, (CA N.D. 1964) 38 F.R.D. 194, 197.

Plaintiff's failure to present himself at a duly noticed deposition has been found to be sufficient ground for a dismissal of his claim for lack of prosecution. See Fischer v. Dover S.S. Co., (CA2 N.Y. 1955) 218 F.2d 682, 683; Thorn v. Harrisburg Trust Co., (MD Penn 1962) 32 F.R.D. 352, 354 – 355, dismissing the case under Rules 37 and 41.

In the present case, Plaintiff Doss failed to prosecute his action by deliberately refusing to testify at his properly noticed deposition. He clearly stated that his deposition "won't happen" and that he will not provide any kind of statements on the record. He has refused to participate in his litigation. Based on Plaintiff's firm and abrasive demeanor, it is not likely that Plaintiff will change his unreasonable behavior and will cooperate and to prosecute his case. Thus, the magnitude of Plaintiff's failure is severe and fundamental to this case in that Defendants cannot properly prepare their defense without having the opportunity to depose Plaintiff.

The failure to prosecute is solely Plaintiff's responsibility. Defendants duly noticed Plaintiff's deposition at an early stage to efficiently move the proceedings forward. Plaintiff had

---

this case because Plaintiff Doss essentially refused to participate in his civil case. Plaintiff did not offer any justification for his abrasive demeanor, but simply said that his deposition, which is absolutely crucial for the proper litigation of his case, "will not happen." For such fundamental failure to prosecute, Rule 41 (b) appears to be the proper remedy for Defendants (not Rule 37).

MOTION TO DISMISS FOR FAILURE TO PROSECUTE – MP&A         5

sufficient time to prepare for his deposition and his unreasonable refusal to participate is Plaintiff's sole responsibility.

Plaintiff's failure to prosecute will also negatively affect the Court's calendar. Defendants will have to ask the Court for another extension of time to file their motion for summary judgment if the Court denies Defendants' motion to dismiss Plaintiff's action and orders Plaintiff to appear at another deposition with a threat of sanctions and contempt. It is vital for the preparation of Defendants' motion that Defendants get the opportunity to depose the Plaintiff to flush out any and all existing factual issues.

Further, Defendants are unduly prejudiced by Plaintiff's abrasive conduct because they are unable to gather crucial evidence without the opportunity to depose Plaintiff. Plaintiff's complaint is unintelligible and confusing for the most part. It is essential for a founded evaluation of Plaintiff's claims that Defendants depose Plaintiff regarding his various factual allegations. Without that opportunity, Defendants cannot properly prepare their motion for summary judgment and their defense for trial.

As indicated, Defendants intend to move for a summary judgment as Plaintiff's claims are groundless for various reasons. Thus, there are likely no probable merits of the suit and an early dismissal of this litigation against moving Defendants would help to save scarce judicial resources, time and money for all parties involved, including the involved government entity.

Yet, the consequences of a dismissal for the social objectives of this litigation do not weigh heavily against a dismissal. While Defendants acknowledge that this is a civil rights action, which generally encompass important social objectives, Plaintiff admitted that he "does not care" if his action gets dismissed.

Lastly, Defendants' counsel gave Plaintiff several warnings that his action may be dismissed if he does not participate in his civil case. Regardless of those clear and explicit warnings, Plaintiff repeatedly refused to participate.

Based on all of the foregoing factors determining Plaintiff's fundamental and severe failure to prosecute, Plaintiff's action against the moving Defendants should be dismissed under FRCP 41 (b).

MOTION TO DISMISS FOR FAILURE TO    6
PROSECUTE – MP&A

### III. CONCLUSION

In sum, Plaintiff's deliberate and fundamental failure to reasonably prosecute his action, despite sufficient warnings about the negative consequences, severely and unduly prejudices the Defendants and negatively impacts the speedy proceedings of this litigation and the Court's calendar. To avoid undue prejudice and to prevent further harassment and delay in this litigation, the Court should dismiss Plaintiff's action against the moving Defendants with prejudice for Plaintiff's failure to prosecute under FRCP 41 (b).

If this matter is not dismissed, the Court should order Plaintiff to immediately appear for a deposition or face terminating sanctions. If this motion is denied Defendants will obviously need additional time to file a dispositive motion in this action.

Dated: November 19, 2007

MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendant
CITY OF RICHMOND(erroneously sued herein as the RICHMOND POLICE DEPARTMENT), OFFICER A. DOBIE, and OFFICER GRIFFIN

PROOF OF SERVICE BY MAIL (C.C.P. §§ 1013a, 2015.5)

I hereby declare that I am a citizen of the United States, am over the age of eighteen years, and not a party to the within action; my business address is 1211 Newell Avenue, Walnut Creek, California 94596.

On this date I served the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT FOR DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE PLAINTIFF'S CLAIM PURSUANT TO FRCP 41(b)** on the parties in said action, by placing a true copy thereof enclosed in a sealed envelope addressed as listed below for mailing. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the United States Post Office mail box at Walnut Creek, California, addressed as follows:

Plaintiff in Pro Per:

Mr. Jimmie L. Doss, Jr.
Prisoner #2007004034
901 Court Street
Martinez, CA 94553

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on November 19, 2007 at Walnut Creek, California.

SABRINA AHIA