FILED
JAN 0 8 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE L. DOSS,<br><br>    Plaintiff,<br><br>v.<br><br>RICHMOND POLICE DEPARTMENT, et al.,<br><br>    Defendants. | No. C 07-2708 MJJ (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO TESTIFY AT DEPOSITION; TO SHOW CAUSE RE. FAILURE TO PROSECUTE**<br><br>(Docket Nos. 15 & 19) |

    Plaintiff, an inmate in the Contra Costa County Jail, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Because the complaint, when liberally construed, stated cognizable claims, the United States Marshal served it upon defendants. Defendants City of Richmond and Officers Dobie and Griffin have filed a motion to dismiss for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1] Defendants Stansbury and Martin have joined in said motion and have also filed a separate motion to dismiss under Rule 12(b)(6). Although given an opportunity to do so, plaintiff has not opposed the motions to dismiss.

    Rule 41(b) provides, in pertinent part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or any claim against the defendant.

---

[1] All further references to "Rules" in this order are to the Federal Rules of Civil Procedure.

G:\PRO-SE\MJJ\CR.07\doss.osc.wpd

1  Defendants attach declarations and other documentary evidence demonstrating that on
2  September 19, 2007, they noticed plaintiff's deposition for October 30, 2007 at the jail
3  where plaintiff was housed. Plaintiff appeared at the deposition but repeatedly stated that
4  he did not want to talk to defendants' counsel or answer questions. When counsel
5  informed plaintiff of his obligation to do so, plaintiff told counsel he did not "care" if the
6  case was dismissed based on his refusal to answer questions, told counsel "it won't
7  happen" and that counsel would get "no kind of record," asserted that he "dose not have to
8  participate in his civil case" and "does not have to talk to the police attorney," and
9  threatened to sue defense counsel. Plaintiff then left the deposition.

10      The appropriate sanction for a party's refusal to answer questions at a deposition is
11  a court order to testify under Rule 37(a). Estrada v. Rowland, 69 F.3d 405, 406 (9th Cir.
12  1995). If the party then refuses to comply with the court's order to testify, dismissal is
13  appropriate under Rule 37(b)(2)(C). Cf. id. Accordingly, plaintiff will be directed to
14  testify at any new deposition noticed by defendants, and specifically to answer the
15  questions posed by counsel in accordance with the Federal Rules of Civil Procedure.

16      Defendants seek dismissal at this stage pursuant to Rule 41(b) based on plaintiff's
17  failure to cooperate at the deposition. In light of holding Estrada, that dismissal is not an
18  appropriate remedy for a party who appears at a deposition and refused to testify, see id.,
19  the Court will not dismiss this case at this juncture. Moreover, a party must be warned
20  prior to any dismissal under Rule 41(b), and plaintiff has not heretofore been warned that
21  he faces dismissal under Rule 41(b) for failing to cooperate at his deposition. See Aura
22  Lamp & Lighting, Inc. v. International Trading Corp., 325 F.3d 903, 908 (7th Cir. 2003).
23  Nevertheless, the Court notes that plaintiff has behaved as though he does not intend to
24  prosecute this matter. In addition to his refusal to answer questions at his deposition,
25  plaintiff has not opposed either motion to dismiss filed by defendants. Indeed, he has
26  taken no action whatsoever in this case since filing the complaint. Consequently, plaintiff
27  will be ordered to show cause why the case should not be dismissed for failure to prosecute
28  pursuant to Rule 41(b).

In light of the foregoing, the Court hereby orders as follows:

1. Within thirty days of the date this order is filed, plaintiff shall SHOW CAUSE why this case should not be dismissed for failure to prosecute pursuant to Rule 41(b). Plaintiff's failure to do so will result in the dismissal of this action. If plaintiff shows cause why the case should not be dismissed for failure to prosecute, the Court will at that time rule on defendants' motion to dismiss under Rule 12(b)(6).

2. Plaintiff shall appear and testify at any new deposition noticed by defendants, and provide answers to questions as required by the Federal Rules of Civil Procedure. Plaintiff's failure to do so shall result in the dismissal of this action pursuant to Rule 37(b)(2)(C).

This order terminates docket numbers 15 & 19.

IT IS SO ORDERED.

DATED: 1/8/2008

MARTIN J. JENKINS
United States District Judge

G:\PRO-SE\MJJ\CR.07\doss.osc.wpd                    3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE L. DOSS,

    Plaintiff,

v.

RICHMOND POLICE DEPARTMENT et al,

    Defendant.

Case Number: CV07-02708 MJJ

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 10, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jimmie L. Doss
Contra Costa County Jail
Prisoner No. 2007004034
901 Court Street
Martinez, CA 94553

Dated: January 10, 2008

MNarcisse

Richard W. Wieking, Clerk
By: Monica Tutson, Deputy Clerk